**SO ORDERED.**

**SIGNED this 26th day of April, 2012.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

___

**Designated for on-line use but not print publication.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **In re:** | |
| **DJ CHRISTIE, INC.,** | **CASE NO. 11-40764** |
| | **CHAPTER 11** |
| **DEBTOR.** | |

**MEMORANDUM OPINION AND JUDGMENT DENYING
WASHINGTON INTERNATIONAL INSURANCE COMPANY'S
MOTION FOR RELIEF FROM STAY**

Washington International Insurance Company ("Washington") moves for relief from stay under 11 U.S.C. § 362(d)(1) (the "Motion") to allow it to comply with competing orders regarding turnover of the proceeds of a supersedeas bond posted in prepetition litigation involving DJ Christie, Inc. ("Debtor").[1] Debtor and creditors Alan

___

[1] Dkt. 101.

E. Meyer ("Meyer") and John R. Pratt ("Pratt") oppose the Motion. For the reasons stated below, the Court denies the Motion.

The Motion is one part of extensive litigation involving Debtor, David J. Christie (Christie), and Alex W. Glenn (Glenn) (collectively "the Christie Interests") and Dovetail Builders 2, L.L.C. (Dovetail), Meyer, and Pratt (collectively "the Meyer Interests"). A general understanding of the actions is necessary to fully understand the Motion.

**FACTUAL BACKGROUND**

### The Federal Court Litigation

In 2005, the Christie Interests had conversations with the Meyer Interests about development of a residential housing project in Junction City, Kansas. Disputes arose, and in May 2007, the Meyer Interests sued the Christie Interests in federal court. Following ten days of trial and four hours of deliberations, the jury found for the Meyer Interests. On May 22, 2009, a judgment was entered in favor of the Meyer Interests in the amount of $14,696,345.00, plus post judgment interest at the rate of 0.5%, along with costs.[2]

The Christie Interests filed an appeal to the Tenth Circuit Court of Appeals. As a condition for a stay pending the appeal, the district court required the Christie Interests to post a supersedeas bond for $1.125 million (the "Bond"). Washington, as surety, issued the Bond on January 20, 2010. David J. Christie, individually, is the principal, while

---

[2] *Meyer v. Christie*, Case No. 07-2230, dkt. 297 (D. Kan. May 22, 2009) (Judgment).

Meyer, Pratt, and Dovetail are the judgment creditors. According to Meyer and Pratt, the Bond was set in an amount significantly less than the judgment because Christie and Glenn represented that they had significant nonexempt illiquid assets to pay the judgment.

On April 25, 2011, the Tenth Circuit issued its mandate, affirming liability of the Christie Interests to Meyer and Pratt, but reversing as to Dovetail. On July 15, 2011, after Meyer and Pratt obtained relief from stay,[3] the district court entered the judgment on the remand issues and a final amended judgment in the amount of $7,170,603.00 plus $100 punitive damages and costs in favor of Meyer and Pratt against the Christie Interests ("the Judgment").

Meyer and Pratt undertook proceedings to satisfy the Judgment against nondebtors Christie and Glenn. The Clerk of the District Court entered an order granting Meyer's and Pratt's motion for disbursement of the Bond proceeds, directing payment of the full amount of the Bond to Meyer's and Pratt's attorneys within five days (the "Bond Disbursement Order"). On October 13, 2011, the district court entered a writ of general execution as to Glenn and Christie. The next day, Meyer and Pratt filed a notice in the bankruptcy court that they intended to obtain the stock certificates issued by Debtor to Christie (the "Stock") to take control of Debtor. On November 3, 2011, attorneys for

---

[3] DJ Christie, Inc. had filed this bankruptcy case on May 20, 2011. On July 15, 2011, Meyer and Pratt were granted relief from stay for the limited purpose of allowing the district court to finally determine matters pending following the remand from the Tenth Circuit. A request that relief include allowing the district court to determine if the judgment is subject to being satisfied by offset of the assigned Iowa Judgments was denied based upon fact that the bankruptcy case was in its early stages and Debtor should be given an opportunity to negotiate with its creditors. Dkt. 68.

Meyer and Pratt accompanied the United States Marshall to Christie's home to seize the Stock. Christie did not turnover the Stock. Meyer and Pratt filed a motion for contempt in district court against Christie for failure to turnover the Stock and also against Washington for failing to turnover the Bond proceeds.

**The Iowa Judgments**

Much of the controversy in this bankruptcy case, and the focus of the adversary proceeding filed by Debtor,[4] involves the Christie Interests' acquisition of assignments of judgments against Meyer and Pratt, which they propose to use to satisfy the Judgment by offset. On April 29, 2011 and May 2, 4, and 18, 2011, the Christie Interests were assigned judgments which had been entered against Meyer, Pratt, and others in Iowa on June 3 and 21, 2010, July 7 and 20, 2010, August 17, 2010 and September 3, 2010 (the "Iowa Judgments"). The total amount of the Iowa Judgments allegedly exceeds the Judgment in favor of Meyer and Pratt against the Christie Interests. Some or all of the Iowa Judgments were registered in Dickinson County, Kansas, and a portion of the Iowa Judgments were registered in Jackson, County, Missouri.

On June 8, 2011, the Christie Interests filed garnishment actions in Jackson County, Missouri and Pratt, Kansas, naming Washington, the bonding company, as garnishee. On June 29 and August 5, 2011, garnishment orders issued from Jackson County were served on Washington. Washington filed this Motion "to allow it to comply

---

[4] *D.J. Christie, Inc. v. Meyer (In re D.J. Christie, Inc.)*, Adv. No. 11-07043.

4

with its legal obligations as to the Bond as a result of" the federal Bond Disbursement Order and the state garnishment orders.[5]

**Debtor's Chapter 11 case**

Debtor filed for Chapter 11 relief on May 20, 2011. In its schedules, Debtor listed the Bond as personal property by virtue of the garnishment orders.[6]

On July 29, 2011, Debtor filed an adversary proceeding against defendants Meyer, Pratt, Washington, Glenn, and Christie (the "Adversary Proceeding").[7] The complaint alleges three counts: (1) determination of the validity, extent, and priority of judgment liens held by Meyer and Pratt on the estate's real property; (2) determination of amounts due between Debtor and Meyer and Pratt, based upon setoff of the Iowa Judgments, including cancellation of the Bond because the setoff would satisfy the Judgment in full; and (3) judgment against Meyer and Pratt for the excess of the assigned Iowa Judgments over the amount owed under the Judgment against the Christie Interests. Glenn and Christie filed a cross claim; and Meyer and Pratt filed a counterclaim/cross claim, challenging the availability of offset and seeking declaratory judgments as to the rights to the Bond and the Stock. On January 17, 2011, Pratt filed a motion to withdraw reference

---

[5] Dkt. 101.

[6] Dkt. 42.

[7] *D.J. Christie, Inc. v. Meyer (In re D.J. Christie, Inc.)*, Adv. No. 11-07043.

5

of the Adversary Proceeding. The Court's recommendation on that motion is filed separately.

Both Meyer and Pratt filed proofs of claim. Debtor objected to these claims based upon the contention that they are fully satisfied by offsetting the Iowa Judgments.

**DISCUSSION**

Section 362(a)(3) imposes a stay against "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Property of the estate is broadly defined by § 541 to consist of all legal and equitable interest of the debtor in property as of the commencement of the case and any interest that the estate acquires after the commencement of the case. Here the estate claims an interest in the Bond proceeds under the orders of garnishment issued in Jackson County, Missouri and served on Washington on June 29, 2011 and August 5, 2011. The Court finds, for purposes of this Motion, that Debtor's asserted interest in the Bond proceeds is a property interest under § 541 which is protected by the stay of § 362.

Washington moves for relief from the stay to allow it to resolve the competing claims to the Bond proceeds arising from the federal Bond Disbursement Order and the state garnishment orders. Under § 362(d)(1), the Court may grant relief from stay for cause. "While cause under § 362(d)(1) includes 'the lack of adequate protection of an interest in property,' it is not so limited. Because 'cause' is not further defined in the Bankruptcy Code, relief from stay for cause is a discretionary determination made on a

case by case basis."[8]  Although there is a shifting burden of proof, the moving party has the obligation to establish a prima facie case.[9]

Washington has failed to establish a prima facie case of cause for relief from stay. The only argument presented in support of its Motion is Washington's desire to comply with its legal obligation under the Bond.  At oral argument on a related motion, Washington's counsel suggested that it would file a declaratory judgment action to seek resolution of the conflicting claims to the Bond proceeds.  Ruling on such an action would require a determination of the offset issue.  But the offset issue is before this Court in the Adversary Proceeding.  Allowing relief from stay for the purpose of filing a declaratory judgment action would invite a second forum to rule on the same matters as are before this Court, with the possibility of conflicting rulings.

Washington may be seeking stay relief to avoid suggestions that it is in contempt of the Bond Disbursement Order or the garnishment orders.  The finding of this Court that the stay is applicable to any action to obtain control or possession of the Bond coupled with the denial of this Motion for relief from stay should allay Washington's concerns.

Meyer and Pratt oppose the Motion on the basis that no stay relief is required since the estate has no interest in the Bond proceeds.  Essentially, Meyer and Pratt are requesting the Court to adjudicate the offset question when ruling on the Motion for

---

[8] *In re Busch*, 294 B.R. 137, 140 (10th Cir. BAP 2003).

[9] 3 Collier on Bankruptcy ¶ 362.10 at 362-135 (Alan N. Resnick & Henry J. Sommer eds, 16th ed. 2010).

Case 11-40764    Doc# 174    Filed 04/26/12    Page 7 of 8

relief. The Court declines to do so. Whether the conditions for payment of the Bond proceeds exist and the persons entitled to claim the proceeds are matters which will be determined in future litigation in this Court.

Because Washington has failed to establish cause for relief from stay, the Motion is denied. Washington is barred by bankruptcy law from disbursing the Bond proceeds to any entity, including a court registry. Washington shall hold the proceeds pending further order of this Court.

**CONCLUSION**

Washington's Motion for relief from stay is denied for the reasons stated above. Washington is barred from disbursing the Bond proceeds to any entity and shall hold the proceeds pending further order of this Court.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

## JUDGMENT

Judgment is hereby entered denying the Motion of Washington International Insurance Company for Relief From the § 362 Bankruptcy Automatic Stay. The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

###

8

Case 11-40764    Doc# 174    Filed 04/26/12    Page 8 of 8