SO ORDERED.

SIGNED this 26th day of June, 2012.

*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

DJ CHRISTIE, INC.,

              DEBTOR.

CASE NO. 11-40764
CHAPTER 11

**MEMORANDUM OPINION AND ORDER DENYING MEYER AND PRATT'S MOTION TO ALTER OR AMEND ORDERS DENYING WASHINGTON INTERNATIONAL'S MOTION FOR RELIEF FROM STAY AND DEBTOR'S MOTION FOR IMPOSITION OF STAY UNDER 11 U.S.C. § 105**

Judgment creditors Alan E. Meyer (Meyer) and John R. Pratt (Pratt) (collectively Creditors) move to alter and amend the Court's Memorandum Opinion and Judgment Denying Washington International Insurance Company's Motion for Relief from Stay (Stay Order)[1] and Memorandum Opinion and Judgment Denying Debtor's Motion for Imposition of a Stay under

---

[1] Dkt. 173.

11 U.S.C. § 105 Against Alan E. Meyer and John R. Pratt (Section 105 Order).[2] For the reasons stated below, the Court denies the motion to alter or amend.

The Stay Order and the Section 105 Order are non-dispositive orders. Creditors' motion is therefore governed by D. Kan. R. 7.3(b), addressing motions for reconsideration of such orders. That rule has been construed as follows:

> Under Rule 7.3(b), a motion seeking reconsideration generally must be based on an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. A motion to reconsider is available when the court has misapprehended the facts, a party's position, or the controlling law, but it is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. The decision whether to grant a motion to reconsider is committed to the district court's discretion.[3]

These criteria for reconsideration are not present as to the Stay Order. Rather, Creditors request the Court to revisit issues already addressed. When responding to Washington's motion for relief from stay, Creditors argued that relief was not necessary because "Debtor either has no garnishment lien [on the Bond proceeds] or that lien is subordinate to other valid interests."[4] Assuming a garnishment lien, Creditors argued that payment of the Bond proceeds would not affect that lien because (1) the lien is void under the Supremacy Clause; (2) Debtor has no interest in the bond funds superior to the interests of third parties in the judgment; (3) Creditors' interest has priority over any garnishment; and (4) Debtor has not obtained judicial recognition

---

[2] Dkt. 175.

[3] *Coffeyville Resources Refining & Marketing, LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 -1265 (D. Kan. 2010) (citations omitted).

[4] Dkt. 104 at 10.

2

to a right to offset based on the Iowa Judgments. These are the same issues which Creditors assert as grounds for altering the Bond Order.

But the Court has already denied these arguments as a basis to hold that there is no stay as to distribution of the Bond proceeds. The Court, when denying Washington's motion for relief, as to the position of Creditors stated: "Meyer and Pratt oppose the Motion on the basis that no stay relief is required since the estate has no interest in the Bond Proceeds." The Court declined to address Creditors' arguments in support on an individualized basis, but made the broad statement that it would determine the offset issue or the persons entitled to the Bond proceeds in future litigation.

The Court did not overlook Creditors' arguments that the estate has no interest in the Bond proceeds because of the Supremacy Clause or the other reasons asserted. When declining to decide the "offset issue," the Court was referring to the offset issue in a broad sense to include the Debtor's claim to the Bond proceeds or alternative position that Bond should be cancelled because the judgment was satisfied in full by offset. Neither the Debtor nor Washington sought a determination of the Debtor's interest in the Bond proceeds as part of the stay litigation. As noted in the factual portion of the Bond Order, the offset issue, including the question of entitlement to the Bond proceeds, is a matter before the Court in the adversary proceeding. In the stay litigation, the Debtor asserted an interest in the Bond proceeds based upon the garnishment orders; that asserted interest, which may or may not prove to be correct after the issues in the adversary proceeding are determined, is sufficient to support the stay. The purpose of the stay, the preservation of the status quo, is furthered by recognition of the automatic stay even as to those alleged interests of the estate which are challenged by third parties.

3

The Court therefore exercises its discretion to deny the motion to reconsider (alter or amend) the Stay Order. There has been no intervening change in controlling law, no new evidence is available, and there is no need to correct clear error or prevent manifest injustice. The Court fully apprehended Creditors' position as to the stay order and ruled that challenges to the estate's interest in the Bond proceeds would be not be determined in the stay litigation.

The Court also denies the motion to alter or amend as the Section 105 Order. The only relief sought as to that order is amendment to reflect changes to the Stay Order. Since the Court has denied the motion to alter or amend the Stay order, the motion to alter or amend the Section 105 Order is moot.

**IT IS SO ORDERED.**

###